In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Bruce J. MEAGHER, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Bruce J. MEAGHER, Respondent.

Supreme Court

*No. 03–1185–D. Decided June 9, 2004.*

2004 WI 75

(Also reported in 681 N.W.2d 145.)

The Court entered the following order on this date:

Attorney Bruce Meagher has filed a petition seeking reinstatement of his license to practice law in Wisconsin. We determine, based on the referee's report, the

recommendation of the Office of Lawyer Regulation (OLR), and the recommendation of the Board of Bar Examiners (BBE), that Attorney Meagher's license to practice law in this state shall be reinstated effective immediately.

Attorney Meagher was admitted to practice in Wisconsin in 1980. On November 12, 2002, Attorney Meagher's license to practice law in Wisconsin was temporarily suspended, pursuant to SCR 22.20(1),[1] in connection with his conviction for violation of a federal wire wagering law. Attorney Meagher had no other disciplinary history. On October 8, 2003, this court approved the parties' stipulation to a six-month suspension of Attorney Meagher's license to practice law in Wisconsin. *Disciplinary Proceedings Against Meagher*, 2003 WI 132, 266 Wis. 2d 18, 669 N.W.2d 733. The suspension was imposed retroactive to the date of his temporary suspension, November 12, 2002. *Id.*

On October 17, 2003, Attorney Meagher filed this petition for reinstatement pursuant to SCR 22.28(3).[2] The petition was assigned to Referee John E. Shannon, Jr., consistent with the reinstatement procedure set

---

[1] SCR 22.20(1) provides: "Upon receiving satisfactory proof that an attorney has been found guilty or convicted of a serious crime, the supreme court may summarily suspend the attorney's license to practice law pending final disposition of a disciplinary proceeding, whether the finding of guilt or the conviction resulted from a plea of guilty or no contest or from a verdict after trial and regardless of the pendency of an appeal."

[2] SCR 22.28(3) provides: "The license of an attorney that is revoked or suspended for misconduct for six months or more shall be reinstated pursuant to the procedure set forth in SCR 22.29 to 22.33 and only by order of the supreme court."

forth in SCR 22.30.[3] Following a hearing on April 19, 2004, the referee issued a report and recommendation on May 10, 2004, concluding that Attorney Meagher has satisfied his burden of proof on the question of reinstatement, has satisfactorily addressed all the requirements of SCR 22.29(4),[4] has demonstrated compliance with SCR 22.26, governing activities following suspension, and "can now be safely recommended to the

---

[3] SCR 22.30 is entitled "reinstatement procedure" and provides:

(1) The clerk of the supreme court shall select a referee from the panel provided in SCR 21.08, based on availability and geographic proximity to the petitioner's place of residence, and the chief justice shall appoint the referee to conduct a hearing on the petition for reinstatement. In the case of a license suspension, the hearing shall not be held prior to the expiration of the period of suspension.

(2) The director shall investigate the eligibility of the petitioner for reinstatement and file a response with the referee in support of or in opposition to the petition.

(3) At least 30 days prior to the hearing, the director shall publish a notice in a newspaper of general circulation in any county in which the petitioner maintained an office for the practice of law prior to suspension or revocation and in the county of the petitioner's residence during the suspension or revocation and in an official publication of the state bar of Wisconsin.

(4) The notice under sub. (3) shall contain a brief statement of the nature and date of suspension or revocation, the matters required to be proved for reinstatement, and the date, time and location of the hearing on the petition.

[4] SCR 22.29(4) provides that the petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

legal profession, the courts, and the public as a person fit to be consulted by others as well as represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the Bar and as an officer of the courts." The referee thus recommended the petition for reinstatement be granted. No appeal was filed.

By memorandum dated April 14, 2004, the BBE recommended that the reinstatement petition be granted, subject to the requirement that Attorney Meagher comply with the current continuing legal

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct or, if not, the petitioner's explanation of the failure or inability to do so.

education (CLE) requirements by reporting an additional 30.0 approved hours, including 3.0 hours of legal ethics and professional responsibility; or by electing the exemption available at SCR 31.04(2) on the CLE Form 1 that will be due for the 2003–2004 reporting period.

The court agrees with the referee's conclusion that reinstatement is appropriate here. Therefore,

IT IS ORDERED that the petition for reinstatement is granted and the license of Attorney Bruce J. Meagher to practice law in Wisconsin is reinstated effective the date of this order, subject to his compliance with current CLE requirements;

IT IS FURTHER ORDERED that, subject to his right to appeal the statement of costs, Attorney Meagher shall pay the costs of the reinstatement procedure within 60 days of the date of this order.